# EXHIBIT A

Filed: 12/15/2020 4:15 PM
Clerk
Steuben County, Indiana

STATE OF INDIANA    )        IN THE STEUBEN SUPERIOR COURT
                     )  SS:
COUNTY OF STEUBEN   )        CAUSE NO.

KENNETH HUTCHISON,         )
                          )
        Plaintiff,         )
                          )
      v.                  )
                          )
COLD HEADING COMPANY,      )
                          )
        Defendant.       )

## APPEARANCE BY ATTORNEYS IN CIVIL CASE

**Party Classification:**     Initiating   X     Responding       Intervening      

1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Plaintiff.

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**LAW OFFICE OF JENNIFER L. HITCHCOCK**
Name:   Jennifer L. Hitchcock         Attorney Number:    34635-02
\Address:  116 E. Berry Street, Suite 1100     Phone:    (260) 240-4644
        Fort Wayne, IN  46802       FAX:    (260) 444-3441
E-Mail Address:  jennifer@jhitchcocklaw.com

3.     There are other party members: Yes       No    X

4.     *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):    CT

5.     I will accept service by FAX at the above noted number: Yes       No   X

6.     There are related cases   Yes       No   X    *(if yes, list on continuation page)*

7.     This has been served on all other parties.  Certificate of Service is attached: Yes      No   X

8.     Additional information required by local rule: _____

/s/ Jennifer L. Hitchcock

Filed: 12/15/2020 4:15 PM
Clerk
Steuben County, Indiana

STATE OF INDIANA          )                    IN THE STEUBEN SUPERIOR COURT
                         )   SS:
COUNTY OF STEUBEN    )                    CAUSE NO._____

KENNETH HUTCHISON,            )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )
COLD HEADING COMPANY,         )
                              )
            Defendant(s).     )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1.  The Plaintiff is Kenneth Hutchison, a qualified employee of the Defendant who has
    performed within the reasonable expectations of his employer at all times material to
    this Charge.   Plaintiff alleges he is being discriminated against and retaliated against
    on the basis of his disability/perceived disability and denied reasonable
    accommodations in violation of his rights under The American With Disabilities Act
    of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").   Further, Plaintiff alleges his right to
    utilize time off work was interfered with, and he was retaliated against on the basis of
    his need for time off work to tend to his own serious medical condition in violation of
    his rights pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*
    ("FMLA").

2.  The Defendant is Cold Heading Company, a company doing business at 900 Cassell
    Drive, Fremont, Indiana 46737.   Defendant's registered agent is CT Corporation

–1–

System, 334 N. Senate Ave., Indianapolis, IN 46204. Defendant is an "employer" for the purposes of the ADA and FMLA.

3. Plaintiff filed his Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 470-2020-00989, on July 20, 2020, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on November 16, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional requirements have been met, and all administrative remedies have been exhausted, for the filing of this lawsuit.

4. Initially, Plaintiff was employed by Defendant and worked 60 hours per week as an "operator". Defendant allowed some similarly situated employees to work 50 hours per week.

5. The mandatory overtime had an adverse effect on Plaintiff's health condition, necessitating time off work pursuant to the FMLA to tend to his condition. Defendant indicated to Plaintiff that in response to his need to utilize the FMLA, Plaintiff would not be given his yearly raise and may not be entitled to earned vacation time. Plaintiff had to protest to get the raise and vacation time he was entitled to receive.

6. Plaintiff's doctor recommended that Defendant provide the reasonable accommodation of allowing Plaintiff to work 50 hours instead of 60 hours per week, which would not have created undue hardship for the Defendant as evidenced by the fact that many similarly situated employees worked less than 60 hours per week.

–2–

However, Defendant denied Plaintiff's request for the reasonable accommodation without just cause.

7. Defendant failed to engage in the interactive process of seeking an accommodation or clarification from a medical professional regarding Plaintiff's condition and need for an accommodation, and instead simply denied all of Plaintiff's requests outright without explanation.

8. For approximately a year, Plaintiff had been approved to intermittently utilize one to two days per month off of work for "flare-up" days related to his medical condition pursuant to the FMLA. Each time Plaintiff utilized a flare-up day, Defendant required Plaintiff to provide a doctor's note in order to return to work, which is a direct violation of the FMLA provisions. This caused Plaintiff to have to utilize additional time off work in order to obtain the note that Defendant unlawfully required. Plaintiff alleges this behavior was a direct attempt by Defendant to discourage Plaintiff from utilizing intermittent FMLA days and interfered with Plaintiff's ability to exercise that right.

9. Then, in the spring of 2020, Defendant ceased operations for a short time as a result of the Coronavirus pandemic. When it resumed operations, Plaintiff returned to work, but was only allowed three shifts per week (24 hours per week total), while all other employees were scheduled for forty hours per week.

10. Plaintiff sent an email to Defendant inquiring why he was the only employee who was not permitted to work forty hours per week.

11. Following the email, when Plaintiff returned to work on June 3, 2020, he was told to either sign a write up for alleged insubordination or be sent home from work. Plaintiff's supervisor who presented the write-up indicated that he did not agree that Plaintiff had been insubordinate and did not know why the write-up had been given to him to present to Plaintiff. Plaintiff refused to sign the vague write-up, was sent home, and was told he could not return to work until he agreed to sign it.

12. Then Defendant mendaciously issued a write-up to Plaintiff for failing to come to work the day after being sent home, even though Plaintiff was not notified until the next day when he went to pick up his bonus check that he was now permitted to return to work without signing the previous day's bogus write-up.

13. In late June, Plaintiff utilized time off work pursuant to the FMLA he was approved to take. Defendant again would not allow Plaintiff to return to work without a note from Plaintiff's doctor indicating that he was clear to return—even though Plaintiff was approved to utilize intermittent time off work.

14. Then, Defendant contacted Plaintiff and incorrectly informed him that his doctor had "pulled" his FMLA, and that Plaintiff would have to reapply for FMLA coverage. This was untrue, and was another blatant attempt by Defendant to directly interfere with Plaintiff's right to utilize time off work pursuant to the FMLA to tend to his own serious medical condition.

15. On July 16, 2020, Plaintiff emailed Defendant the note from his doctor that indicated his medical condition had improved to the point he could return to work from his

FMLA leave. Later the same day, Plaintiff received a voicemail indicating his employment had been terminated.

16. Plaintiff contends that his termination was retaliation for exercising his right to utilize time off work pursuant to the FMLA, and discriminatory and retaliatory on the basis of his disability/perceived disability/ record of impairment, in violation of his rights under the FMLA and the ADA, and any reason purported by the Defendant to be the reason for Plaintiff's termination is pretextual in nature, and unworthy of belief.

17. Plaintiff alleges that it is was the denial of the reasonable accommodation that necessitated his need to utilize time off work pursuant to the FMLA, and that Defendant discriminated and retaliated against him on the basis of his disability and his utilization of the FMLA in violation of his federally protected rights, causing Plaintiff to suffer emotional distress, inconvenience, mental anguish, exacerbation of his medical condition, and other damages and injuries. Plaintiff is entitled to seek compensatory damages.

18. Finally, the Defendant's discriminatory and retaliatory conduct is intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and FMLA, entitling Plaintiff to seek punitive and/or liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone:     (260) 240-4644
Facsimile:     (260) 444-3441
E-mail:        Jennifer@jhitchcocklaw.com
Attorney for Plaintiff

76D01-2012-CT-000508
Filed: 12/15/2020 4:15 PM
Clerk
Steuben Superior Court Steuben County, Indiana

10:33:49 a.m. 07-29-2020 | 2 | 2604443441

2020-07-29 11:04

0 2604443441 >> 3172267953

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 7-29-2020

P 2/4

EEOC Form 5 (11/09)

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 470-2020-00989 |
| ☒ EEOC | Amended |

| Equal Employment Opportunity Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Kenneth Hutchison | (260) 602-4469 | 05/10/1988 |

| Street Address | City, State and ZIP Code |
|---|---|
| 14901 Co Rd I-50 | Edon, OH 43518 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Cold Heading Company | 50+ | (260) 495-7003 |

| Street Address | City, State and ZIP Code |
|---|---|
| 900 Cassell Dr. | Fremont, IN 46737 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) FMLA

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 10/29/2019 Latest Ongoing
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Kenneth Hutchison, a qualified employee of the Respondent who has performed within the reasonable expectations of his employer at all times material to this Charge. Complainant alleges he is being discriminated against and retaliated against on the basis of his disability/perceived disability and denied reasonable accommodations in violation of his rights under The American With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Further, Complainant alleges he is being retaliated against on the basis of his need for time off work to tend to his own serious medical condition in violation of his rights pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). (Complainant acknowledges that the FMLA claim does not require exhaustion of any administrative remedy but is included in this Charge anyway in the interest of fair notice to Respondent.)

II. The Respondent is Cold Heading Company, a company doing business at 900 Cassell Drive, Fremont, Indiana 46737. Respondent is an "employer" for the purposes of the ADA and FMLA.

III. Complainant is currently employed by Respondent and works 60 hours per week as an "operator". Respondent allows similarly situated employees to work 50 hours per week.

IV. The mandatory overtime has had an adverse effect on Complainant's health condition, necessitating time off work pursuant to the FMLA to tend to his condition. Respondent indicated to Complainant that in response to his need to utilize the FMLA, Complainant would not be given his yearly raise and may not be entitled to earned vacation time.

V. Complainant's doctor has recommended that Respondent provide the reasonable accommodation of allowing Complainant to work 50 instead of 60 hours per week, which will not create undue hardship for the Respondent, as evidenced by the fact that many similarly situated employees work less than 60 hours per week. However, Respondent has denied Complainant's request for the reasonable accommodation without just cause.

EXHIBIT

A

VI.     Further, Respondent has failed to engage in the interactive process of seeking an accommodation or clarification from a medical professional regarding Complainant's condition and need for an accommodation, and instead has simply denied all of Complainant's requests outright without explanation.

VII.     Complainant alleges that it is the denial of the reasonable accommodation that has necessitated his need to utilize time off work pursuant to the FMLA, and that Respondent is discriminating and retaliating against him on the basis of his disability and his utilization of the FMLA in violation of his federally protected rights, causing Complainant to suffer emotional distress, inconvenience, mental anguish, exacerbation of his medical condition, and other damages and injuries. Complainant is entitled to seek compensatory damages.

VIII.     Finally, the Respondent's discriminatory and retaliatory conduct is intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights under the ADA and FMLA, entitling complainant to seek punitive and/or liquidated damages.

## AMENDMENT:

IX.     For approximately a year, Complainant has been approved to utilize one to two days per month off of work for "flare-up" days related to his medical condition pursuant to the FMLA. Each time Complainant utilizes a flare-up day, Respondent requires Complainant to provide a doctor's note in order to return to work. This has caused Complainant to have to utilize additional time off work in order to obtain the note that Respondent required.

X.     Respondent ceased operations for a short time as a result of the Coronavirus pandemic. When it resumed operations, Complainant returned to work, but was only allowed three shifts per week (24 hours per week total), while all other employees were scheduled for forty hours per week.

XI.     Complainant sent an email to Respondent inquiring why he was the only employee who was not permitted to work forty hours per week.

XII.     Following the email, when Complainant returned to work on June 3, 2020, he was told to either sign a write-up for alleged insubordination or be sent home from work. Complainant's supervisor who presented the write-up indicated that he did not agree that Complainant had been insubordinate and did not know why the write-up had been given to him to present to Complainant. Complainant refused to sign the vague write-up and was sent home.

XIII.     Then Respondent issued a write-up to Complainant for failing to come to work the day after being sent home, even though Complainant was not notified until the next day when he went to pick up his paycheck that he could return to work.

XIV.     In late June, Complainant utilized time off work pursuant to the FMLA he was approved to take. Respondent would not allow Complainant to return to work without a note from Complainant's doctor indicating that he was clear to return—even though Complainant was approved to utilize intermittent time off work.

XV.     Then, Respondent contacted Complainant and incorrectly informed him that his doctor had "pulled" his FMLA, and that Complainant would have to reapply for FMLA coverage. This was untrue.

XVI.     On July 16, 2020, Complainant emailed Respondent the note from his doctor that indicated his medical condition had improved to the point he could return to work from his FMLA leave. Later the same day, Complainant received a voicemail indicating his employment had been terminated.

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 7-29-2020

XVII.  **Complainant contends that his termination was retaliation for exercising his right to utilize time off work pursuant to the FMLA, and discriminatory and retaliatory on the basis of his disability/perceived disability/ record of impairment, in violation of his rights under the FMLA and the ADA.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 7-29-20 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date          Charging Party Signature | (month, day, year) |

NOTARY
PUBLIC
SEAL

ALLISON C. OLINGER
Commission Expires
03-31-2026
Commission Number NP0723685
STATE OF INDIANA

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Kenneth Hutchison**<br>**14901 Co. Rd I-50**<br>**Edon, OH 43518** | From: | **Indianapolis District Office**<br>**101 West Ohio Street**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |
|---|---|---|---|

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2020-00989** | **Michelle D. Ware,**<br>**Enforcement Supervisor** | **(463) 999-1184** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Michelle Eisele,**
**District Director**

**NOV 1 6 2020**

*(Date Mailed)*

cc:
| **Kathryn S. Wood**<br>**DICKINSON WRIGHT, PLLC**<br>**500 Woodward Ave**<br>**Suite 400**<br>**Detroit, MI 48226** | **Jennifer L. Hitchcock**<br>**LAW OFFICE OF JENNIFER HITCHCOCK**<br>**116 E. Berry Street**<br>**Suite 1110**<br>**Fort Wayne, IN 46802** |
|---|---|



EXHIBIT

B

Filed: 12/15/2020 4:15 PM
Clerk
Steuben County, Indiana

STATE OF INDIANA

COUNTY OF STEUBEN

IN THE STEUBEN SUPERIOR COURT
Civil Division - Courthouse
55 South Public Square
Angola, IN   46703
Telephone: (260) 668-1000

KENNETH HUTCHISON
Plaintiff(s)

VS

COLD HEADING COMPANY
Defendant(s)

Case Number: _____

# SUMMONS

TO: Cold Heading Company
Attn: Highest Ranking Official
900 Cassell Dr.
Fremont, IN 46737

You have been sued by the person(s) named above.   The claim made against you is attached to this summons; please examine all pages carefully.   The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

___XX___   Certified Mail        You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____   Personal Service      You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Steuben Superior Court, Steuben County Courthouse, Angola, Indiana, 46703**.   The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer.   If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form.   **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: 12/15/2020
_____

_____
TANGI MANAHAN
CLERK OF THE STEUBEN CIRCUIT AND SUPERIOR

(Seal)

COURTS
Jennifer L. Hitchcock (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

116 E. Berry St., Ste 1110
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 240-4644                34635-02
Telephone Number          Attorney Number

## MANNER OF SERVICE
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____     personal service
_____     leaving a copy at dwelling or place of employment

**OTHER** manner of service:
___X___     attorney to serve
_____     private process server, _____
_____     other (describe in particular and note Trial Rule)
_____

**CLERK** shall serve this Summons as follows:
_____     regular mail
_____     certified mail
_____     publication

08/2000     sum (CLK 298,fb)

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Angola, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Angola, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Steuben Circuit and Superior Courts

_____
Clerk of the Steuben Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____ .
              Signature of Party

_____
           Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**     ( _____ )

        READING / delivering a copy (A) to the within named party;

        LEAVING A COPY for the within named party
                (B) with the spouse, named:          (E) with a secretary, named:
                (C) with a relative, named:            (F) with the attorney, named:
                (D) at the residence, located at:      (H) with this person (other-specify):
                (E) with the employer, named: _____

        Specify name of person, work supervisor, place of business, or location where copy was left.

_____

        **and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____ .
        Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** ( _____ )

(I)     The party was NOT FOUND / NO SUCH ADDRESS.     (R)  the party was on VACATION.
(J)    the document EXPIRED.                          (S)  the party was NOT FOUND / VACANT.
(K)   the party AVOIDED service.                   (T)  the party was NOT FOUND / MOVED.
(L)   the party REFUSED service.                  (U)  the party was NOT FOUND IN THIS BAILIWICK.
(M)  the party was NO LONGER EMPLOYED at the address.  (V)  INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(N)  the document was RETURNED by the authority of the Plaintiff.  (W)  they are NO LONGER IN BUSINESS.
(O)  the party is DECEASED.                    (X)  several attempts were made / UNABLE TO SERVE.
(P)   the party was UNKNOWN AT THAT ADDRESS.     (Y)  of the following reason (OTHER-specify):
(Q)  the party was on SICK LEAVE / LAY OFF.

                                    _____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____              _____
Date Served / Attempted        Time Served / Attempted    Signature of Sheriff of Steuben County, Indiana (or other officer)

_____       By: _____
(Printed Name of Process Server)              Signature of Process Server

Filed: 12/15/2020 4:15 PM
Clerk
Steuben County, Indiana

STATE OF INDIANA

COUNTY OF STEUBEN

IN THE STEUBEN SUPERIOR COURT
Civil Division - Courthouse
55 South Public Square
Angola, IN   46703
Telephone: (260) 668-1000

KENNETH HUTCHISON
Plaintiff(s)

VS

COLD HEADING COMPANY
Defendant(s)

Case Number: _____

# SUMMONS

TO: C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

You have been sued by the person(s) named above.   The claim made against you is attached to this summons; please examine all pages carefully.   The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

____XX____    Certified Mail       You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____    Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Steuben Superior Court, Steuben County Courthouse, Angola, Indiana, 46703**.   The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer.   If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location are shown on an attached Notice of Hearing form.   **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: ____12/15/2020_____

_(SEAL)_

_Tangi Manahan_
**TANGI MANAHAN**
CLERK OF THE STEUBEN CIRCUIT AND SUPERIOR
COURTS

Jennifer L. Hitchcock (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)          (Seal)

116 E. Berry St., Ste 1110
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 240-4644          34635-02
Telephone Number          Attorney Number

## MANNER OF SERVICE
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____    personal service
_____    leaving a copy at dwelling or place of employment

**OTHER** manner of service:
___X___    attorney to serve
_____    private process server, _____
_____    other (describe in particular and note Trial Rule)
_____

**CLERK** shall serve this Summons as follows:
_____    regular mail
_____    certified mail
_____    publication

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Angola, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Angola, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Steuben Circuit and Superior Courts

_____
Clerk of the Steuben Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____ .
Signature of Party

_____
Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:** ( _____ )

READING / delivering a copy (A) to the within named party;

LEAVING A COPY for the within named party
(B) with the spouse, named:
(C) with a relative, named:
(D) at the residence, located at:
(E) with the employer, named:

(E) with a secretary, named:
(F) with the attorney, named:
(H) with this person (other-specify): _____

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____ .
Last known address of person named in the document (or Change of Address)

**I did _not_ serve a copy of this Summons because: (** _____ )

| | | | |
|---|---|---|---|
| (I) | The party was NOT FOUND / NO SUCH ADDRESS. | (R) | the party was on VACATION. |
| (J) | the document EXPIRED. | (S) | the party was NOT FOUND / VACANT. |
| (K) | the party AVOIDED service. | (T) | the party was NOT FOUND / MOVED. |
| (L) | the party REFUSED service. | (U) | the party was NOT FOUND IN THIS BAILIWICK. |
| (M) | the party was NO LONGER EMPLOYED at the address. | (V) | INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN. |
| (N) | the document was RETURNED by the authority of the Plaintiff. | (W) | they are NO LONGER IN BUSINESS. |
| (O) | the party is DECEASED. | (X) | several attempts were made / UNABLE TO SERVE. |
| (P) | the party was UNKNOWN AT THAT ADDRESS. | (Y) | of the following reason (OTHER-specify): |
| (Q) | the party was on SICK LEAVE / LAY OFF. | | |

_____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____
Date Served / Attempted      Time Served / Attempted

_____
Signature of Sheriff of Steuben County, Indiana (or other officer)

_____
(Printed Name of Process Server)

By: _____
Signature of Process Server

STATE OF INDIANA      )      IN THE STEUBEN SUPERIOR COURT
                       ) SS:
COUNTY OF STEUBEN   )      CAUSE NO. 76D01-2012-CT-000508

KENNETH HUTCHISON,

      Plaintiff,

  v.

COLD HEADING COMPANY,

      Defendant.

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____    Responding <u>X</u>    Intervening_____; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for
   the following parties:
   Name of party: Cold Heading Company_____
   Address of party *(see Question # 5 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*

   _____
   _____
   Telephone # of party:_____
   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)
   Name: Kayla M. Ernst_____   Atty Number: 34003-15_____
   Address: ICE MILLER LLP, One American Square, Suite 2900_____
   Indianapolis, IN 46282_____
   Phone: (317)236-2411_____
   FAX: (317) 592-4779_____
   Email Address: kayla.ernst@icemiller.com_____

**IMPORTANT**: Each attorney specified on this appearance:
(a) certifies that the contact information listed for him/her on the Indiana Supreme Court
Roll of Attorneys is current and accurate as of the date of this Appearance;
(b) **acknowledges that all orders, opinions, and notices from the court in this matter
that are served under Trial Rule 86(G) will be sent to the attorney at the email
address(es) specified by the attorney on the Roll of Attorneys regardless of the
contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a __CT__ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X___ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No _X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

| _____ | Attorney's address |
| _____ | The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**). |
| _____ | Another address (provide) |

_____

This case involves a petition for involuntary commitment. Yes ____ No _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b. State of Residence of person subject to petition: _____

c. At least one of the following pieces of identifying information:
   (i) Date of Birth _____
   (ii) Driver's License Number _____
       State where issued _____ Expiration date _____
   (iii) State ID number _____
       State where issued _____ Expiration date _____
   (iv) FBI number _____
   (v) Indiana Department of Corrections Number _____
   (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7. There are related cases: Yes ____ No _X__ *(If yes, list on continuation page.)*

8.  Additional information required by local rule: _None._____

9.  There are other party members: Yes ___ No _X_  *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:
    Yes _X_ No ___

/s/Kayla M. Ernst_____
Kayla M. Ernst (#34003-15)
*Counsel for Defendant*
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
kayla.ernst@icemiller.com

## CERTIFICATE OF SERVICE

I certify that on January 7, 2021, I electronically filed the foregoing document using the Indiana EFiling System (IEFS), and the same was served via IEFS upon:

Jennifer L. Hitchcock
Law Office of Jennifer L. Hitchcock
116 E. Berry Street, Suite 1110
Ft. Wayne, IN 46802
jennifer@hitchcocklaw.com

/s/Kayla M. Ernst_____
Kayla M. Ernst

I\15904618.1

STATE OF INDIANA      )      IN THE STEUBEN SUPERIOR COURT
                        ) SS:
COUNTY OF STEUBEN    )      CAUSE NO. 76D01-2012-CT-000508

KENNETH HUTCHISON,

        Plaintiff,

v.

COLD HEADING COMPANY,

        Defendant.

## NOTICE OF AUTOMATIC EXTENSION OF TIME

Defendant, Cold Heading Company ("Defendant"), by counsel and pursuant to Steuben County LR76-AR000-9, hereby gives notice to the Court and to Plaintiff Kenneth Hutchison ("Plaintiff") of its thirty (30) day extension of time to answer or otherwise respond to the Complaint filed by Plaintiff. In support of this Notice, Defendant states as follows:

1. On December 15, 2020, Plaintiff filed his Complaint.

2. On December 22, 2020, Defendant received service of the Complaint by mail.

3. On January 7, 2021, counsel for Defendant timely entered her Appearance on behalf of Defendant.

4. Defendant's original deadline to answer or otherwise respond to Plaintiff's Complaint was January 15, 2021.

5. Pursuant to Steuben County LR76-AR00-9, the timely entry of appearance by a counsel effects an automatic extension of thirty (30) days from filing thereof within which to answer or otherwise respond to the Complaint.

6. After the extension, Defendant's deadline to answer or otherwise respond to the Complaint is now February 8, 2021.

Respectfully submitted,

ICE MILLER LLP

_/s/Kayla M. Ernst_____
Kayla M. Ernst (#34003-15)

_Counsel for Defendant, Cold Heading Company_

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
kayla.ernst@icemiller.com

## CERTIFICATE OF SERVICE

I certify that on January 13, 2021, I electronically filed the foregoing document using the Indiana EFiling System (IEFS), and the same was served via IEFS upon:

Jennifer L. Hitchcock
Law Office of Jennifer L. Hitchcock
116 E. Berry Street, Suite 1110
Ft. Wayne, IN 46802
jennifer@hitchcocklaw.com

_/s/Kayla M. Ernst_____
Kayla M. Ernst

I\15912529.1